**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                                                                             No. CR 10-619 MCA

**SERGIO HERNANDEZ,**
**FERNANDO RAMIREZ,**

    Defendants.

## ORDER

**THIS MATTER** comes before the Court on Defendant Sergio Hernandez's *Motion for Order of Furlough* [Doc. 358], filed October 18, 2010, and Defendant Fernando Ramirez's *Emergency Motion for Furlough* [Doc. 359], filed October 19, 2010. On October 20, 2010, the Court conferred telephonically with counsel of record regarding the motions and staffed this matter with the United States Pretrial Services Division, specifically Pretrial Services Officers Sandra Avila-Toledo and David Hoffman. Having considered the parties' submissions, the relevant law, the arguments of counsel, and otherwise being fully advised in the premises, the Court denies the motions. The Court will, however, order the United States Marshals Service to allow an opportunity for an extended non-contact visitation with Defendants and immediate family members at the facility at which Defendants are being held, as described more fully below.

The Court finds as follows:

1.     Defendants Sergio Hernandez and Fernando Ramirez, along with 18 other defendants,

have been charged in a 33-count *Superseding Indictment* with various drug-related offenses. [See Doc. 37]. The provisions of the Superseding Indictment as they pertain to each defendant are incorporated herein.

2. Defendants Hernandez and Ramirez currently are being held in pretrial custody at the Regional Corrections Center ("RCC") in Albuquerque, New Mexico.

3. Elido Ramirez, Sr., the grandfather of both Defendants, passed away unexpectedly on Saturday, October 16, 2010.

4. Defendants were very close to their grandfather, who helped raise them and was their primary care giver as they grew up. There appears to have existed a very close bond between each Defendant and their late grandfather.

5. Funeral services are scheduled to be held at a church in Albuquerque, beginning with a rosary at 7:30 p.m. on Thursday, October 21, 2010, and a viewing, funeral, and burial to follow, beginning at 8:00 a.m. on Friday, October 22, 2010.

6. Defendants would like to attend the services planned for their grandfather, and to that end have filed the motions that are currently before the Court.

7. While not unsympathetic to Defendants' situation, the Court nevertheless finds that both Defendants are a flight risk as well as a danger to the community based upon prior criminal history and the seriousness of the pending charges, and therefore concludes that there is no condition or combination of conditions that can be fashioned that will reasonably assure (1) their return back to the RCC as required; or (2) the safety of any other person in the community. See United States v. Begay, 315

        Fed.Appx. 53, 54 (10th Cir. 2009); see also 18 U.S.C. § 3142.

8. With respect to Defendant Hernandez, the Court, during the April 29, 2010 hearing held on the government's *Notice of Appeal of Magistrate Judge's Order of Release*, stated on the record the reasons it concludes that there exist no conditions that can be fashioned to ensure the safety of the community and assure Defendant Hernandez's presence, and those reasons apply with equal force to Defendant's request for an order of furlough to attend his grandfather's funeral and related services.

9. With respect to Defendant Ramirez, the Court finds that he has numerously failed both to (1) appear; and (2) obey Court orders.

10. With respect to both Defendants, the Court notes (1) the nature, significance, and seriousness of the charges pending against them; (2) their substantial criminal histories; and (3) that Pretrial Services has recommended against the release of either Defendant.

11. For these reasons, the Court will deny Defendants' motions.

12. However, the Court recognizes the legitimate need for the Defendants to have visitation with immediate family members on account of the unexpected death of their grandfather.  As noted above, this Court is not unsympathetic to Defendants' situation, and the Court will order the United States Marshals Service to arrange and provide to Defendants an extended non-contact visit with immediate family members.  In arranging this visitation at the RCC facility, the Marshal's Service shall confer with the United States Pretrial Services Office, and the staff at the RCC facility

in order to coordinate the visitation, all as more fully detailed below. The Pretrial Services Department will determine which family members will attend the visit.

**IT IS, THEREFORE, ORDERED** that Defendant Sergio Hernandez's *Motion for Order of Furlough* [Doc. 358] is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Fernando Ramirez's *Emergency Motion for Furlough* [Doc. 359] is **DENIED**;

**IT IS FURTHER ORDERED** that the United States Marshals Service shall arrange an extended non-contact visitation at the RCC, between Defendants and immediate family members. During this visit; that Defendants be provided with reasonable space to meet with family, and that the United States Marshal's Service and the staff at RCC provide such security as is deemed necessary in their judgment. Visitors will be subject to search upon arrival at the RCC.

**SO ORDERED** this 22th day of October, 2010, in Albuquerque, New Mexico.

                                        **M. CHRISTINA ARMIJO**
                                        United States District Judge